**Dodge, Emily**

| | |
|---|---|
| **From:** | Missouri Courts eFiling System <mocourts.efiling@courts.mo.gov> |
| **Sent:** | Monday, April 7, 2025 3:18 PM |
| **To:** | Missouri Courts eFiling Subscriber |
| **Cc:** | Dodge, Emily; 19th Judicial Circuit (Cole County) |
| **Subject:** | eNotice - 22AC-CC02096 - DONNA DAVIS-VANDEGRIFFE V STATE OF MISSOURI ET AL, Cole County - Circuit Court |

## ELECTRONIC NOTICE OF ENTRY
### (Supreme Court Rule 74.03)
### Cole County - Circuit Court
### PO BOX 1870, 301 E HIGH ST, JEFFERSON CITY, MO

## CASE NO: 22AC-CC02096 - DONNA DAVIS-VANDEGRIFFE V STATE OF MISSOURI ET AL

TO: Emily Ann Dodge
**YOU ARE NOTIFIED** that the court has made the following entry or entries in the court record:

| Filing Date | Description | Text * | Last Activity |
|---|---|---|---|
| 4/7/25 12:14 PM | Hearing Held | Attorney Kistner appears via webex. Attorney Dodge appears via webex. Bench Trial scheduled for 9/4/2025 and 9/5/2025 removed. Plaintiffs motion for leave is granted. Defendants motion for leave is granted. Current Defendants granted 30 days to respond. Case set for 60 day review. SCW/aw | 4/7/25 12:15 PM |

NOTE: **You MUST be a registered user and logged in to Case.net in order to view the documents.** If the case or document contains confidential information, you may not be able to view the case or document through the links provided. In the event you are unable to view information electronically, the court will provide a paper copy for your records.

* If *"None entered at this time"* displays in the text field, the court has not entered any text on this entry. The first 2000 characters of text is provided in this eNotice. To see additional information about the entry made by the court, see Case.net.

Click to access the **Missouri eFiling System**.



EXHIBIT A

1

Click here for **Manage My Case**.

This e-mail is auto generated. Please do not respond. **If you have a concern with your filing, please contact the court**. If you need technical assistance, please contact the Office of State Courts Administrator Help Desk by e-mail at osca.help.desk@courts.mo.gov or toll-free by phone at at 1(888)541-4894, 7:30 a.m. to 5:00 p.m., Monday through Friday, excluding state holidays.

**IN THE CIRCUIT COURT OF COLE COUNTY**
**STATE OF MISSOURI**

DONNA DAVIS-VANDEGRIFFE )
)
)
Plaintiff, )
) Case Number: 22AC-CC02096
v. )
)
STATE OF MISSOURI, and, )
MISSOURI DEPARTMENT OF HIGHER )
EDUCATION AND WORKFORCE )
DEVELOPMENT MISSOURI )
PERSONNEL ADVISORY BOARD, and )
MISSOURI OFFICE OF )
ADMINISTRATION, ERIC GREITENS, )
LAURA HOSKINS, and )
JERRI BOWLES, )
)
)
Defendants. )

## FIRST AMENDED PETITION FOR DECLARATORY JUDGMENT, DAMAGES, AND INJUNCTIVE RELIEF

COMES NOW Plaintiff Donna Davis-Vandegriffe and states:

### *Preliminary Statement*

1. Plaintiff Donna Davis-Vandegriffe, on behalf of herself and on behalf of civil service employees like her, challenges the constitutionality of Missouri Senate Bill 1007 (L. 2018), S.B. 1007, eff. August 28, 2018 ("SB 1007").

2. The U.S. Constitution, Art. I, § 10, cl. 1 prohibits any state from passing a law that impairs the obligations of contracts. Likewise, the Missouri Constitution in Art. I, § 13 provides that no law impairing contracts may be enacted. Collectively, these constitutional provisions shall be referenced as the "Non-Impairment of Contract Provisions".

**PLAINTIFF'S EXHIBIT 1**

3. The Fourteenth Amendment to the U.S. Constitution and Art. I, § 10 of the Missouri Constitution contain due process of law guarantees. Collectively, these constitutional provisions shall be referenced as the "Due Process Guarantees."

4. Since the adoption of Missouri's State Personnel Law[1] in 1945, the State of Missouri has recognized that the state's civil service employees' relationship to their employer is "entirely based on contract ...." *Wolf v. Missouri State Training School*, 517 S.W. 2d 138, 143 (Mo. banc 1974). See also, *id.*, p. 148 n. 5 (describing the nature of the contractual relationship).

5. Prior to SB 1007, state employees worked under a merit-based personnel administration system, which was largely codified in Chapter 36 of the Missouri Revised Statutes ("Chapter 36").

6. Chapter 36 required dismissal and demotions to be for cause and provided for appeals to the administrative hearing commission.

7. The statutory protections of Chapter 36 are essential terms and conditions of employment for which Plaintiff bargained, and are reflected in contracts between Plaintiff and Defendants.

8. On June 1, 2018, then-Governor Eric Greitens signed SB 1007 into law ("SB 1007 Effective Date").

9. Described generally, SB 1007 functionally eliminated the contractual, statutory, and rule-based rights of merit system employees such as Plaintiff.

10. SB 1007 thereby materially breached and gravely impaired their valuable contracts in violation of the Non-Impairment of Contract Provisions.

---

[1] § 36.010, RSMo et. seq.,

11. Further, because those contract-based rights provided merit system Plaintiffs with a property interest in their employment, merit system employees' relationships with their employers are protected by the Due Process Guarantees.

## THE PARTIES

12. Plaintiff is an individual who resides in Boone County, Missouri.

13. Defendant State of Missouri is a sovereign State of the United States ("State").

14. Pursuant to Mo. Const. Art. IV, § 37, Defendant Missouri Department of Higher Education & Workforce Development ("HEWD"), is a department within Missouri's executive branch.

15. Defendant Missouri Office of Administration is a department of the executive branch of Missouri's executive branch. Defendant Missouri Personnel Advisory Board ("PAB") is within the Office of Administration and prescribes by rules the procedures for merit selection.

16. Defendant Eric Greitens is a former Governor of the State of Missouri. He is sued in his individual capacity.

17. Defendant Laura Hoskins is an individual who was the Human Resources Director of HEWD from September 1, 2019 through at least January 12, 2024. She is sued in her individual capacity.

18. Defendant Jerri Bowles was, at all relevant times, the Manager of the Office of Workforce Development and Plaintiff's supervisor. She is sued in her individual capacity.

19. HEWD employed Plaintiff from 1991 until it terminated her on or about February 1, 2021.

3

## JURISDICTION AND VENUE

20. This Court has jurisdiction over this action pursuant to Mo. Rev. Stat. § 527.010.

21. This Court has concurrent jurisdiction over the claims in this lawsuit pursuant to 42 U.S.C §§ 1983, 1985.

22. Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010.2(1), as the Defendants' principal places of business are in Cole County.

## FACTS

23. SB 1007 purports to eliminate most of Missouri's preexisting merit-based personnel administration system by deleting or significantly amending portions of Chapter 36.

24. SB 1007 purports to re-designate all civil servants to be employed "at-will," and eliminates protections on dismissal "for cause," subject to a narrow exception for "regular employees"—which SB 1007 redefined to include only employees occupying certain federally funded or grant-in-aid positions for which maintenance of merit system protections is required. [2]

25. Following the SB 1007 Effective Date, Defendants filed new rules, revised policies, and took actions to implement and apply SB 1007 to merit system employees; these including that the PAB promulgated emergency rules on August 17, 2018, indicating they revise then-existing regulations of the PAB, specifically, 1 CSR 20-1.010 through 1 CSR 20-4.020 ("Emergency Rules"). These Emergency Rules were declared invalid in a May 10, 2021 judgment of the Circuit of Cole County, State of Missouri, in *American Federation of State, et al. v. State of Missouri*, # 18AC-CC00407. However, on information and belief, he Emergency Rules have not been repealed.

---

[2] New section 36010(16), RSMo.

4

26. The Emergency Rules indicate that they revise the existing rules "pursuant to changes to Chapter 36, RSMo made by Senate Bill 1007 (2018)."

27. The Emergency Rules purport to replace previously existing regulations providing for the basis of imposing discipline; due process; grievance and appeal rights; and for hiring, promotion and transfer rules based on employee merit.

28. The Emergency Rules at 1 CSR 20-3.070 ("Separation, Suspension, and Demotion") eliminate all provisions regarding reasons for employee layoffs and the order of layoffs, providing only that "Layoffs in the classified service shall be administered by each respective appointing authority based on the needs of the service."

29. The Emergency Rules amended 1 CSR 20-3.070 to state that the appointing authority may suspend, demote, or dismiss and employee for "no reason or any reason not prohibited by law," and employees "do not have the right to notice, opportunity to be heard, or appeal."

30. The Emergency Rules rescinded all provisions regarding appeals by state employees of adverse personnel actions. See 1 CSR 20-4.010 ("Appeals").

31. In addition, the Emergency Rules amended 1 CSR 20-4.020's grievance procedure for adverse employment actions:

> No state agency may establish a grievance procedure permitting a state employee, other than a regular employee, to grieve any discipline, suspension, demotion, notice of unacceptable conduct or conditional employment, leave denial, transfer, shift change, reprimand, or furlough however any of the same may be denominated, imposed by an appointing authority, or any employment action taken by an appointing authority that is alleged to have an adverse financial impact on a state employee or enter into an agreement with a certified bargaining unit providing for the same or any alternative dispute resolution procedure regarding the matters prohibited herein. The foregoing prohibitions shall not apply to grievance procedures alleging that one (1) of the foregoing types of employment actions was taken for a reason prohibited by law.

5

(emphasis added).

32. Prior to the effective date of SB 1007, Plaintiff was a "regular employee" in the Merit System pursuant to the version of § 36.020 that previously had been in effect for the majority of Plaintiff's lengthy career as an employee of the Department; she had attained the status of a regular employee because she had successfully completed her "probationary period", within the meaning of § 36.350.1, RSMo, many years prior to her termination. By attaining the status of a regular employee, the Merit System legislation then in effect contained a statutory offer in the version of § 36.380, RSMo, effective at the time that she could be dismissed from her employment only "for cause", and she accepted that offer by satisfactorily completing her probationary period, thereby effectively creating a contract between her and the entity Defendants that her termination could be accomplished only for cause as provided in Chapter 36.

## COUNT I

*Claim for Declaratory Relief Providing That SB 1007 Violates Plaintiff's Right to be Free of Governmental Impairment of Contract Pursuant to Article I, § 10, and Article I, §13, of the Missouri Constitution , The U.S. Constitution, Art. 1, § 10, cl. 1, and Due Process Rights Under the U.S. Constitution, Fourteenth Amendment thereto.*

33. Plaintiff incorporates every allegation contained in the foregoing paragraphs of this First Amended Petition.

34. SB 1007 subjected Plaintiff to conduct that occurred under color of state law by Defendants. Further, Defendants Greitens, Hoskins and Bowles all took actions, based on the purported authority provided by SB1007, to cause Plaintiff's termination of employment without cause for doing so.

35. SB 1007, on its face and as applied, impaired Plaintiff's contractual rights, including the requirement of "cause" to impose discipline on, and/or to dismiss her, matters of

6

seniority, layoff, promotion and transfer, and the right to grieve violations of such negotiated terms.

36. These protections are essential terms and conditions of employment for which Plaintiff bargained.

37. The adoption, implementation, and/or application of SB 1007 and its implementing emergency rules and related policies has impaired Plaintiff's rights in violation of the Non-Impairment of Contract Provisions.

38. This impairment is substantial because SB 1007's designation of a state employee as at-will and the refusal to process any grievances by such an employee wholly eliminates significant job protections for merit system employees.

39. Plaintiff will be irreparably harmed if the provisions of SB 1007, and/or the implementing SB 1007 regulations and policies, impairing her contract rights in violation of Mo. Const., Art. I, §§ 10, 13, and the U.S. Const., Art. 1, § 10, cl. 1 and the Fourteenth Amendment Art. I, Section 13, are not declared unlawful.

40. The provisions of SB 1007 deprive Plaintiff of her rights, privileges, or immunities guaranteed under the U.S. Constitution and the Missouri Constitution.

41. Plaintiff has no adequate remedy at law to compensate for the loss of her contractual protections.

42. Plaintiff's claim under the U.S. Constitution for impairment of her contractual rights is actionable pursuant to 42 U.S.C. § 1983, and 42 U.S.C § 1988 entitles her to an award of her litigation costs and attorneys' fees incurred herein.

WHEREFORE, Plaintiff requests that this Court enter a declaratory judgment in her favor that details how SB1007 has caused injuries to Plaintiff as described above and that it

provide her with such other relief as is just including an award of her reasonable attorney fees and litigation costs incurred herein.

## COUNT II

*Declaratory Relief Declaring the Adoption of the Emergency Rules Unauthorized and/or Unconstitutional Pursuant to § 536.050, RSMo.*

43. Plaintiff incorporates every allegation contained in the foregoing paragraphs of this First Amended Petition.

44. The Missouri Administrative Procedure Act (Mo. Rev. Stat. § 536.050) authorizes the courts to issue declaratory judgments respecting the validity, constitutional or otherwise, of administrative rules adopted by the State or an agency thereof.

45. Defendants PAB, with the Office of Administration, adopted the Emergency Rules interpreting and applying SB 1007.

46. The Emergency Rules deprived Plaintiff of contract rights guaranteed under the Non-Impairment of Contract Provisions and vitiated her Due Process Guarantees as described in Count I, above.

47. Plaintiff is a non-state party aggrieved by the adoption by Defendants Personnel Advisory Board and Office of Administration of the Emergency Rules within the meaning of The Administrative Procedure Act.

48. Plaintiff is entitled to a judgment invalidating such rules because they are unauthorized by law or unconstitutional under the Non-Impairment of Contract Provisions and/or the Due Process Guarantees as described in Count I, above, and is also entitled to fees and costs of suit pursuant to § 536.053, RSMo.

8

WHEREFORE, Plaintiff respectfully requests that this Court enter its judgment declaring that the complained-of provisions of SB 1007, the Emergency Rules, and/or Defendants' policies and actions effectuating SB 1007 violate Article I, §§ 10 and 13 of the Missouri Constitution, and Art. I, § 10, cl. 1 of the Fourteenth Amendment to the United States Constitution; enter a permanent injunction preventing Defendants from enforcing SB 1007, the Emergency Rules, or Defendants' policies effectuating SB 1007 in a manner that violates the constitutional rights of Plaintiff; award Plaintiff such monetary damages as she will prove at trial but in any event, in excess of $25,500.00, costs and fees incurred herein, including attorneys' fees pursuant to Mo. Rev. Stat. §§ 536.050, and 536.053, and 42 U.S.C. § 1988; and grant such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III – INJUNCTIVE RELIEF AGAINST DEFENDANTS STATE OF MISSOURI, HEWD AND THE OFFICE OF ADMINISTRATION

49. Plaintiff incorporates every allegation contained in the foregoing paragraphs of this First Amended Petition.

50. Plaintiff is entitled to injunctive relief in the form of an Order and judgment against the Defendants in this case (other than PAB) directing that they take all steps necessary to reinstate Plaintiff to her position of employment with the HEWD, and provide her with ancillary equitable relief in the form of back pay and such of her restoration fringe benefits as will cause her to be made whole.

WHEREFORE, Plaintiff respectfully requests that this Court enter its judgment declaring that the complained-of provisions of SB 1007, the Emergency Rules, and/or Defendants' policies and actions effectuating SB 1007 violate Article I, §§ 10 and 13 of the Missouri Constitution, and Art. I, § 10, cl. 1 of the Fourteenth Amendment to the United States Constitution; enter a permanent injunction preventing Defendants from enforcing SB 1007, the Emergency Rules, or

Defendants' policies effectuating SB 1007 in a manner that violates the constitutional rights of Plaintiff; award Plaintiff such monetary damages as she will prove at trial but in any event, in excess of $25,500.00, costs and fees incurred herein, including attorneys' fees pursuant to Mo. Rev. Stat. §§ 536.050, and 536.053, and 42 U.S.C. § 1988; and grant such other and further relief as the Court deems just.

## COUNT IV – DAMAGES CLAIM AGAINST INDIVIDUAL DEFENDANTS

51. Plaintiff incorporates every allegation contained in the foregoing paragraphs of this First Amended Petition.

52. Defendants Greitens, Hoskins and Bowles have individual liability for the monetary damages their actions taken under color of state law caused Plaintiff to suffer, including her lost wages and the value of her fringe benefits, as well as such damages as will compensate her for the distress that her unlawful termination caused her.

53. Plaintiff is authorized by 42 U.S.C. § 1983 to bring the claims asserted in this Count for violations of her rights under the U.S. Constitution and, pursuant to 42 U.S.C. § 1988, to be awarded her reasonable attorney's fees and litigation expenses incurred herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter its judgment in her favor, including an award of such monetary damages as Plaintiff will prove at trial but in any event, in excess of $25,500.00, an award of Plaintiff's reasonable attorneys' fees and litigation expenses incurred herein, and such other relief is just.

10

KISTNER, HAMILTON, ELAM & MARTIN, LLC

By: /s/ Elkin L. Kistner
    Elkin L. Kistner, #35287
    William E. Kistner, #70540
    1406 North Broadway
    St. Louis, MO 63102
    Telephone: (314) 783-9798
    Facsimile: (314) 944-0950
    E-mail: elkinkis@law-fort.com
    E-mail: bill@law-fort.com
    *Attorneys for Plaintiff*

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone: (314) 932-7671
Facsimile: (314) 932-7672
Email: cyrus@dashtaki.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served this 3rd day of April, 2025 via the Court's electronic filing system to all counsel of record.

/s/ Elkin L. Kistner

11