IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| DONNA DAVIS-VANDEGRIFFE, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 2:25-cv-04094-SRB |
| STATE OF MISSOURI, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Missouri Department of Higher Education and Workforce Development, Missouri Office of Administration ("HEWD"), Missouri Personnel Advisory Board ("PAB"), and State of Missouri's (jointly, the "Missouri Defendants") Motion to Dismiss. (Doc. #6.) As set forth below, the motion is GRANTED.

### I. BACKGROUND

The following background is taken from Plaintiff Donna Davis-Vandegriffe's ("Plaintiff's") Complaint (Doc. #1-2) without further quotation or attribution unless otherwise noted.[1] Because this matter comes before the Court on a motion to dismiss, the allegations are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). This Order assumes familiarity with the applicable facts and law. Only those facts and issues necessary to resolve the pending motion are discussed below, and they are simplified to the extent possible. Additional allegations are discussed in Section III.

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

1

Plaintiff alleges that in 2021 she was wrongfully terminated by HEWD. Plaintiff further alleges that her termination was the result of 2018 Senate Bill 1007 and its implementation. Described generally, SB 1007 removed employment protections for state employees.

On June 17, 2022, Plaintiff filed suit in the Circuit Court of Cole County against the Missouri Defendants. (Doc. #1.) On April 7, 2025, Plaintiff amended her complaint to add individual Defendants Jerri Bowles ("Bowels"), Laura Hoskins ("Hoskins"), and Eric Greitens ("Greitens"). (Doc. #1-2.) On May 6, 2025, Bowels and Hoskins, with the consent of the Missouri Defendants, removed this case from the Circuit Court of Cole County. (Doc. #1.) Plaintiff's First Amended Complaint asserts the following claims against the Missouri Defendants: Count I – Declaratory Relief for Violation of the Missouri Constitution and U.S. Constitution under 42 U.S.C § 1983, Count II – Declaratory Relief for Violation of the Missouri Administrative Procedure Act, Mo. Rev. Stat. § 536.050, Count III – Injunctive Relief.[2]

The Missouri Defendants now move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion in part and the parties' arguments are addressed below.

## II. LEGAL STANDARD

A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court resolves a motion to dismiss by considering the complaint's allegations, as well as "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[.]" *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

---

[2] Plaintiff excludes PAB from its request in Count III.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Reviewing a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.  DISCUSSION

### A.  Federal Claims

The Missouri Defendants argue, and Plaintiff does not dispute, that the federal claims and any declaratory and injunctive relief based on those claims, must be dismissed. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "The State and arms of the State . . . are not subject to suit under § 1983." *McLean,* 548 F.3d at 613 (quoting *Howlett v. Rose*, 496 U.S. 356, 365 (1990)). Therefore, Count I is dismissed as to the federal claims against the Missouri Defendants.

### B.  Missouri Claims

The Missouri Defendants argue they are entitled to sovereign immunity as to any state claims. Plaintiff argues that "Missouri sovereign immunity applies only to tort claims, not equitable claims." Missouri statute grants "public entit[ies]" sovereign immunity, with few exceptions. Mo. Rev. Stat. § 537.600. "Missouri's state sovereign immunity applies unless 'it is waived or a statutory or recognized common law exception, such as consent, is applicable.'" *Church v. Missouri*, 913 F.3d 736, 743 (8th Cir. 2019). In *Church,* the Eighth Circuit rejected

3

the plaintiff's argument that sovereign immunity did not apply to a claim for equitable relief and observed that "the Missouri Supreme Court held that 'in the absence of an express statutory exception to sovereign immunity, or a recognized common law exception such as the proprietary function and consent exceptions, sovereign immunity is the rule and applies to *all suits* against public entities.'" *Id.* (emphasis in original) (quoting *Metropolitan St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921-22 (Mo. banc 2016)). Plaintiff has not identified an exception to sovereign immunity. Therefore, the remainder of Count I and Counts II-III must dismissed as to the Missouri Defendants.

Count III must also be dismissed as to the Missouri Defendants for the additional reason that injunctive relief is a remedy, not an independent cause of action. *See 375 Slane Chapel Rd., LLC v. Stone Cnty., Missouri*, No. 21-CV-05044-SRB, 2023 WL 375365, at *4 (W.D. Mo. Jan. 24, 2023); *Fletcher v. Conoco Pipe Line Co.*, 129 F.Supp.2d 1255, 1264 (W.D. Mo. 2001) ("[T]here is no 'injunctive' cause of action under Missouri or federal law.")

## IV. CONCLUSION

Accordingly, Defendants Missouri Department of Higher Education and Workforce Development, Missouri Office of Administration, Missouri Personnel Advisory Board, and State of Missouri's Motion to Dismiss (Doc. #6) is GRANTED. Defendants Missouri Department of Higher Education and Workforce Development, Missouri Office of Administration, Missouri Personnel Advisory Board, and State of Missouri are DISMISSED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: June 17, 2025